IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 0 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| DALTON LOYD WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:10-CV-047-A |
| | § | (Consolidated with Nos. |
| RICK THALER, Director, | § | 4:10-CV-048-A, 4:10-CV-072-A, |
| Texas Department of Criminal | § | 4:10-CV-073-A, 4:10-CV-074-A, |
| Justice, Correctional | § | and 4:10-CV-075-A) |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This order pertains to six petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Dalton Loyd Williams, a state prisoner currently incarcerated in Palestine, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. The petitions were consolidated for consideration by the court. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petitions should be denied.

### I.   Factual and Procedural History

The recitation of the history of this case is taken from petitioner's "Affidavit in Support of Claim" attached to the

petition as Exhibit #2 and the state court records.   In 1974
petitioner and two other inmates escaped from a Colorado state
prison and went on a crime spree through Colorado, New Mexico, and
Texas committing aggravated robbery, burglary, theft, assault, and
capital murder.   (Pet., Exh. #2, "Affidavit in Support of Claim")
In 1975 petitioner and district attorneys for the counties of
Stonewall, Erath and Palo Pinto entered into a multi-county plea
agreement whereby petitioner asserts, "the Capital Murder charges
in the County of Stonewall and Erath were reduced to Murder, I
would enter a plea of guilty to all charges and I would receive a
life sentence in the 1st degree felonies and lesser sentences on the
2nd degree felonies, and all the sentences would be run concurrent
with each other, and run concurrent with all prior sentences, and
*there would be no protests filed for parole or clemency* whenever I
become [sic] eligible for such clemency (parole)."   (*Id.*)

Petitioner asserts in 1986 he was granted an out-of-state
parole to the State of Colorado to serve an outstanding Colorado
sentence, which he discharged in April 2003. Thereafter, petitioner
was instructed to return to the State of Texas, where he was
incarcerated and remained incarcerated until May 2003, at which
time his parole was reinstated.   In February 2004 petitioner was
arrested on new criminal charges, and his parole was revoked in

2

April 2004.   In January 2005 petitioner was given a 5-year set-off

on parole.   On April 20, 2009, some thirty years after entering

into the plea agreement, petitioner claims the district attorney

for Erath County breached the plea agreement by filing a protest to

his parole and/or clemency, in violation of his constitutional

rights.   (Pet. at 7; Pet., Exh. #1)   Petitioner raised his claim in

six   state   habeas   applications,   one   for   each   Erath   County

conviction, which were denied without written order by the Texas

Court of Criminal Appeals.   *Ex parte Williams*, State Habeas Appl.

Nos. WR-5,413-39 through WR-5,413-44.

## II.   Rule 5 Statement

Respondent believes that the petition is neither barred by

limitations nor subject to the successive petition bar and that

petitioner has exhausted his state remedies as to the claim

presented as required by 28 U.S.C. § 2254(b).   (Resp't Answer at 3)

## III.   Discussion

### *Legal Standard and for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf

of a person in custody pursuant to the judgment of a state court

shall not be granted with respect to any claim that was adjudicated

on the merits in state court proceedings unless he shows that the

prior adjudication:   (1) resulted in a decision that was contrary

to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. Contrary to petitioner's assertion, this presumption of correctness extends to explicit and implicit findings of fact which are necessary to the state court's conclusions. (Pet'r Resp. at 5) *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). The

4

applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as here, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997.)

## 1. *Discussion*

A guilty plea must be made intelligently and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). When a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). In order to receive federal habeas corpus relief based on alleged promises that are inconsistent with representations made in open court, a prisoner must prove: (1) the terms of the alleged promise; (2) when the promise was made; and (3) the precise identity of an eyewitness to the promise. *United States v. Smith*, 915 F.2d 959, 963 (5th Cir. 1990). Petitioner has not satisfied this three-part test.

The documentary records of the plea proceedings reflect that

petitioner waived his right to a jury trial and to appeal and
judicially confessed to each offense in Erath County. There is no
indication in the documents that in consideration of petitioner's
plea the Erath district attorney agreed not to protest petitioner's
parole or clemency. To the contrary, in an affidavit filed in the
state habeas proceedings, the former Erath district attorney
assigned to petitioner's cases responded as follows:

> Dalton Loyd Williams was one of the three people who
> escaped from a Colorado prison and traveled through
> Colorado, New Mexico, and Texas. They stole cars,
> burglarized buildings, burglarized homes, and shot and
> killed a lady in her home in Erath County, Texas. Mr.
> Williams pled guilty to twelve (12) felony offenses on
> March 6, 1975. He received the maximum sentence on all
> of these convictions.
>
> I will assure you that at no time during Mr.
> Williams' pleas to these offenses did I ever include an
> offer not to oppose parole for Mr. Williams. It was my
> intent during these convictions that Mr. Williams remain
> in prison for the remainder of his life. I thought the
> twelve convictions would accomplish that purpose.

*Ex parte Williams*, State Habeas Appl. No. WR-5,413-39, at 25.

Petitioner claims the former district attorney has not
previously filed protests and is now lying about the specifics of
the plea agreement. (Pet'r Resp. at 2) Clearly, the state habeas
court accorded credibility to the former district attorney's
affidavit, which is supported by the record, and found petitioner's

affidavit incredible.  The presumption of correctness attaches to such credibility determinations even though the state court does not conduct a live evidentiary hearing absent clear and convincing evidence in rebuttal.  *Richards v. Quarterman,* 566 F.3d 553, 563 (5th Cir. 2009).

Petitioner presents no credible evidence that the former Erath district attorney promised not to file protests to his parole and/or clemency.  Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue, unsupported and unsubstantiated by anything in the record, to be of probative evidentiary value.  *Ross v. Estelle*, 694 F.2d 1008, 1011-12 n.2 (5th Cir. 1983); Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990).  Conclusory allegations of a promise are not sufficient to sustain a claim of a breach of such promise in the context of a plea agreement.  Petitioner offers only conclusory allegations in support of his claim, thus the claim is without merit.  Because petitioner has failed to prove, by clear and convincing evidence, an agreement by the district attorney not to protest his parole or clemency, the plea agreement was not breached and petitioner's guilty pleas were not rendered involuntary.

The state courts' rejection of petitioner's claim did not result in a decision that was contrary to, or an unreasonable

7

application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts.

For the reasons discussed herein,

The court ORDERS that the petitions of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and are hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED May 20, 2010.

JOHN McBRYDE
United States District Judge

8